IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-0642-REB-MJW

TOM LaBRECQUE; and
BRIAN SYDNES,

        Plaintiffs,

v.

L-3 COMMUNICATION TITAN CORPORATION,
f/k/a TITAN CORPORATION, a Delaware corporation; and
THE UNITED STATES OF AMERICA,

        Defendants.

---

### STIPULATED PROTECTIVE ORDER

---

        This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that motion. The motion is meritorious and acceptable. Therefore, IT IS ORDERED:

        1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced and answers to interrogatories, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

        2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

00259035.WPD1

3.  Information designated CONFIDENTIAL shall be information that is confidential and implicates common law and statutory privacy and/or confidentiality interests such as: (a) contracts which provide VTC support; (b) delivery order numbers; (c) organization number; (d) Titan job code; (e) job description; (f) labor category; (g) billing rate; (h) day-to-day duties and responsibilities of the employee; (i) the NORTHCOM directorate where the contractor employee provided VTC support; and, (j) whether such support was temporary or permanent.

4.  Notwithstanding this definition of CONFIDENTIAL documents, materials, and/or information, the parties preserve their respective rights to object to any document, material and/or information based upon any applicable privilege or immunity, or other applicable grounds or objections recognized by the Federal Rules of Civil Procedure.

5.  CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

6.  CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys active working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

 (c) the parties, including the designated representatives for the defendants;

 (d) expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation for trial, at trial, or at other proceedings in this case;

 (e) the Court and its employees ("Court Personnel");

 (f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

 (g) deponents, witnesses, or potential witnesses; and,

 (h) other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility), the following or other appropriate notice: CONFIDENTIAL.

9.   Before any information is designated CONFIDENTIAL, counsel for the designating party must first review the information and make a determination, in good faith, that the information is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(c).

10.   A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the object is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL, and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

[handwritten margin note: "Consistent with D.C.Colo.LCivR 7.2 AM 7.3  MJW 4-10-07"]

11.   At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL SHALL BE RETURNED TO THE PARTY THAT DESIGNATED IT

confidential, or the parties may elect to destroy confidential DOCUMENTS. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

ORDERED this 10Th day of April, 2007.

BY THE COURT:

MICHAEL J. WATANABE
U. S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

AGREED AND APPROVED:

By:  s/ Timothy M. Kratz
    **Timothy M. Kratz**
    Pendleton, Friedberg, Wilson
    & Hennessey, P.C.
    1875 Lawrence St., Tenth Floor
    Denver, CO 80202-1898
    Tel: 303-839-1204
    FAX: 303-831-0786
    E-Mail: tkratz@penberg.com
    *Attorneys for Plaintiffs*
    *Tom LaBrecque and Brian Sydnes*

By:  s/ William G. Pharo
    **William G. Pharo**
    United States Attorney's Office
    Assistant U. S. Attorney
    1225 - 17th Street, Suite 700
    Denver, CO  80202
    Tel: 303-454-0100
    FAX: 303-454-0404
    E-Mail: william.pharo@usdoj.gov
    *Attorneys for Defendant*
    *The United States of America*

By:  s/ Ali P. Hamidi
    **Ali P. Hamidi**
    Cox, Castle & Nicholson, LLP
    555 Montgomery Street, 15th Floor
    San Francisco, CA 94111
    Tel: 415-392-4200
    FAX: 415-392-4250
    E-Mail: ahamidi@coxcastle.com

and

Steven G. York
Geri O'Brien Williams
Dworkin, Chambers, Williams, York,
Benson & Evans, P. C.
3900 E. Mexico Ave., Suite 1300
Denver, CO  80210
Tel: 303-584-0990
FAX: 303-584-0995
E-Mail: syork@dnvrlaw.com
E-Mail: gwilliams@dnvrlaw.com
*Attorneys for Defendant L-3*
*Communication Titan Corporation,*
*f/k/a Titan Corporation*